IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL JENNINGS,

        Petitioner,

v.

STEPHEN MAYBERG,

        Respondent.

NO. CIV 07-0708BHS

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the court on Petitioner's petition for writ of habeas corpus. Dkt. 1. The Court has considered the relevant documents and the remainder of the file herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

In January 1996 Petitioner was convicted of committing a lewd or lascivious act with a child under the age of fourteen. He was sentenced to twelve years in state prison. On December 6, 2005, following a jury trial, Petitioner was committed under the Sexually Violent Predator Act, Cal. Welf & Inst. Code § 6600, *et seq*. ("SVPA"), to the Atascadero State Hospital.

Petitioner timely appealed his commitment to the California Court of Appeal, Third Appellate District. Petitioner maintained that his commitment should be reversed because (1) the prosecutor had failed to prove that Petitioner was "likely" to engage in acts of sexual violence without treatment and custody; (2) the "likelihood" element under state law should be altered; and (3) the prosecutor's comments to the jury constituted

ORDER - 1

reversible misconduct. Dkt. 37, Lodged Document 1 (Mr. Jennings' opening brief) and Lodged Document 2 (Mr. Jennings' supplemental brief). The appellate court rejected Petitioner's arguments and affirmed his commitment. *Id.*, Lodged Document 5. Petitioner's petition for review was denied by the California Supreme Court on March 14, 2007. *Id.*, Lodged Document 7.

On September 27, 2006, Petitioner filed a petition for writ of habeas corpus with the Shasta County Superior Court. *Id.*, Lodged Document 8. Petitioner challenged the implementation of a California Department of Mental Health ("DMH") Standardized Assessment Protocol ("Protocol"), maintaining that DMH did not comply with requirements of the Administrative Procedures Act ("APA") when it implemented the Protocol. *Id*. Petitioner maintained that by failing to permit public input prior to implementing the protocol, and otherwise violating the APA, his Constitutional liberty interests and due process rights were violated, because his civil commitment was based in part on the results from this evaluation. *Id*. Petitioner further argued that the Protocol constituted an "underground regulation," and was also in violation of a state executive order. *Id*. The Shasta County Superior Court denied the petition because Petitioner failed to indicate whether he previously appealed his commitment, and, if he had, whether he asserted his claim that the Protocol violated the APA. *Id.*, Lodged Document 9. The court informed Petitioner that if he failed to assert this claim on direct appeal, "relief is not available through the habeas corpus proceeding." *Id*. (citing *In re Harris*, 5 Cal.4th 813, 829 (1993); *In re Dixon*, 41 Cal.2d 756, 759 (1953).

Petitioner filed a petition for writ of habeas corpus (Lodged Document 10) with the California Court of Appeal, Third Appellate District, which was denied on December 14, 2006 (Lodged Document 11). Presumably, the appellate court denied review for the same reason as the trial court.

Petitioner's petition for writ of habeas corpus (Lodged Document 12) was denied by the California Supreme Court on May 16, 2007. See Lodged Document 13. The California Supreme Court cited *In re Dixon, supra*, in its opinion.

On January 25, 2007, Petitioner filed a second petition for writ of habeas corpus with the Shasta County Superior Court. Lodged Document 14. Petitioner maintained that because "the provisions of SB 1128 amending the SVPA are to apply retroactively, any such application would run afoul of the due process clauses of the state and federal constitutions." *Id*. The petition was denied on March 21, 2007. Lodged Document 15.

On March 8, 2007, Petitioner filed a petition for writ of habeas corpus in this Court. Dkt. 1. On January 14, 2008, Respondent filed an answer. Dkt. 24. Petitioner has not filed a traverse.[1]

## II. CLAIMS

Petitioner challenges the state's use of the Protocol, which is used to determine the eligibility of persons for civil commitment under the SVPA. Petitioner claims that DMH failed to lawfully adopt the Protocol, in violation of the APA, and in violation of Petitioner's due process rights. Petitioner challenges the constitutionality of the implementation of the Protocol, and maintains that the Protocol was promulgated as an "underground regulation." Petitioner maintains that his commitment is invalid because it was based on psychological evaluations utilized under the Protocol.

Respondent maintains that Petitioner's claims are procedurally bared.

## III. PROCEDURAL BAR

Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law

---

[1] On June 4, 2008, Petitioner filed documents and exhibits in support of his petition. Dkt. 39. On September 5, 2008, Petitioner filed a document titled "Judicial Notice of Motion and Motion to Dismiss Petition." Dkt. 40. These filings address Petitioner's argument that the Standard Assessment Protocol was improperly promulgated, and did not address Respondent's contention that Petitioner's petition is procedurally barred.

ORDER - 3

ground that is independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Harris v. Reed*, 489 U.S. 255, 260-62 (1989). Generally, the only state law grounds meeting these requirements are state procedural rules. If there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner can demonstrate: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. *Harris*, 489 U.S. at 262 (citing *Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986)).

To establish cause, a petitioner must show that some objective external factor impeded his ability to comply with the state procedural rule. *See Murray*, 477 U.S. at 488. In order to show prejudice, a petitioner must show more than just the possibility of prejudice; he must show that the error worked to his actual and substantial disadvantage, infecting the entire trial with constitutional error. *Id*. at 494. Finally, to establish a fundamental miscarriage of justice, a petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 496.

The Ninth Circuit has explained the independent and adequate state ground requirement:

> A procedural default is not "independent" if, for example, the state procedural bar depends upon an antecedent determination of federal law. Similarly, the procedural default is not "adequate" if the state courts themselves bypass the petitioner's default and consider his claims on the merits, if the procedural rule appears to be discretionary, or, ordinarily, if the state fails to assert an interest in compliance with its procedural rules in the petitioner's federal habeas proceedings.

*Harmon v. Ryan*, 959 F.2d 1457, 1461 (9th Cir. 1992) (citations omitted); *see also Park v. California*, 164 F.3d 1226 (9th Cir. 1999).

Once the state has adequately pled the existence of an independent and adequate procedural ground, the burden shifts to the petitioner to place the state's defense at issue. *Bennet v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2002). "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the

state proceedings, including citation to authority demonstrating inconsistent application of the rule." *Id*. A state's procedural rule is not adequate if it is not firmly established and regularly followed at the time of the purported default. *Fields v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997).

In *Dixon*, the California Supreme Court held that "habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." *Dixon*, 41 Cal.2d at 759.

Although the Ninth Circuit found the *Dixon* rule was not adequate prior to 1993, *see Fields v. Calderon*, 125 F.3d 757, 763 (9th Cir. 1997), the California Supreme Court set out specific standards for application of the rule in 1993. In *Park v. California*, 202 F.3d 1146 (9th Cir. 2000), the Ninth Circuit stated:

> In the years following Dixon, the California Supreme Court in a number of cases established exceptions to the original *Dixon* rule and to other similar procedural bars – exceptions which permitted the consideration on state habeas of some claims even though known but not appealed, or unknown but not timely brought when discovered. However, because the exceptions to its procedural bars had become undefined and imprecise over the years, the California Supreme Court in 1993 decided a pair of cases – *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), and *In re Harris*, 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993) – designed to govern California courts' exercise of discretion when applying, respectively, (1) the *Dixon* default rule, and (2) the longstanding but unclear bar of "untimeliness" for recently discovered claims not apparent from the record. These decisions were intended to "reestablish California's procedural rules governing state habeas petitions and clearly define and limit the applicable exceptions." *Fields*, 125 F.3d at 763-64. Specifically, a California court operating under *In re Harris* and *In re Clark* would hear the merits of a claim in a state habeas petition, despite the petitioner's failure to bring the claim on direct appeal from the conviction, if the court found one of four exceptions. These exceptions are:
> (1) "'fundamental constitutional error,'" (2) a lack of "'fundamental jurisdiction'" by the trial court over the petitioner, (3) the trial court's "'acting in excess of jurisdiction,'" and (4) an intervening "'change in the law.'" *Fields*, 125 F.3d at 763 (*quoting In re Harris*, 21 Cal.Rptr.2d 373, 855 P.2d at 398-407).

*Park*, 202 F.3d at 1151-52.

ORDER - 5

In discussing the application of the first exception, the California Supreme Court in *In re Robbins*, 18 Cal.4th 770 (1998), stated:

> We need not and will not decide whether the alleged error actually constitutes a federal constitutional violation. Instead, we shall assume, for the purpose of addressing the procedural issue, that a federal constitutional error is stated, and we shall find the exception inapposite if, based upon our application of state law, it cannot be said that the asserted error "led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner."

*In re Robbins*, 18 Cal.4th at 811.

## IV. DISCUSSION

The Court concludes that Petitioner's petition for habeas corpus is procedurally barred because he did not assert the present claims on direct appeal. Federal review of Petitioner's claim is barred because the California Supreme Court invoked an express procedural bar based on an independent and adequate state ground. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

First, the independent prong is satisfied. As argued by Respondent, the *Dixon* bar applies to Petitioner's claims because, at the time Petitioner asserted the claims, the *Dixon* bar was applied by state courts independent of federal law. *See In re Robbins*, 18 Cal.4th at 811; *see also Bennett*, 322 F.3d at 581-82 (post-*Robbins* denial of petitioner's state petition for lack of diligence not interwoven with federal law).

Second, the *Dixon* bar is adequate. Petitioner has not demonstrated the inadequacy of the state proceedings which barred his habeas petition for failure to assert the claims on direct appeal. *See Bennett*, 322 F.3d at 586. Indeed, Petitioner did not address the adequacy issue.

In addition, Petitioner has not demonstrated cause and actual prejudice, nor has he demonstrated a fundamental miscarriage of justice. *See Harris* and *Murray, supra*. Petitioner has not alleged that any external factor impeded his ability to comply with the state procedural rule requiring him to raise issues on direct appeal. Petitioner also has not demonstrated that the alleged violation of the APA infected his entire trial. Finally, Petitioner has not shown that the alleged

violation of the APA resulted in his civil commitment, or that civil commitment was not otherwise proper.

## V. ORDER

Therefore, it is hereby ORDERED that

Petitioner's petition for habeas corpus (Dkt. 1) is **DENIED**.

DATED this 10th day of March, 2009.



BENJAMIN H. SETTLE
United States District Judge