IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL JENNINGS,

    Petitioner,

v.

STEPHEN MAYBERG,

    Respondent.

NO. CIV 07-0708BHS

ORDER DENYING CERTIFICATE OF APPEALABILITY

    This matter comes before the court on Petitioner's motion for certificate of appealability. Dkt. 45.

    On March 10, 2009, the Court denied Petitioner's petition for habeas corpus, concluding that the petition was procedurally barred because Petitioner failed to assert the claims raised in his habeas in his initial appeal. Dkt. 43.

    Petitioner now maintains that he was not able to raise these issues on direct appeal because "[t]he discovery of the Office of Administrative Law Determination issued pursuant to the implementation and use of the Clinical Evaluator's Handbook and Standardized Assessment Protocol (2007) issued by the . . . [California] Department of Health was not filed until August 15, 2008," which was after he filed his direct appeal. Dkt. 45 at 3.

    The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. §

PDF created with pdfFactory trial version www.pdffactory.com

2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 120 S. Ct. at 1604.

Petitioner is essentially asserting that the Court should have considered his petition despite the procedural bar because there exists cause for the default. *See Harris v. Reed*, 489 U.S. 255, 262 (1989) (a federal court may consider procedurally barred claim if petitioner can demonstrate cause for the default and actual prejudice, or a fundamental miscarriage of justice).

The Court concludes that reasonable jurists would not find it debatable whether this Court was correct in its procedural ruling. First, Petitioner has not shown cause excusing the procedural default. Petitioner now claims that his commitment under the Sexually Violent Predator Act, Cal. Welf & Inst. Code § 6600, *et seq.* (hereafter "SVPA"), was based on an administrative rule, which he alleges was improperly promulgated in 2007. However, Petitioner was committed on December 6, 2005. Petitioner also fails to show cause based on his contention that he did not discover the challenged rule until 2008. Second, even assuming Petitioner had shown cause, Petitioner has not met his burden in demonstrating prejudice. Petitioner fails to demonstrate that the error alleged worked to his actual and substantial disadvantage, infecting his entire trial with constitutional error. *See Murray v. Carrier*, 477 U.S. 478 (1986). Under California state law, Petitioner was entitled to assistance of counsel during his proceeding and had the right to challenge any evidence provided by the Government, including evidence

PDF created with pdfFactory trial version www.pdffactory.com

offered that was derived through use of the protocol. Additionally, Petitioner had a right to provide independent medical evidence or otherwise rebut the Government's evidence. SVPA, § 6603(a). Petitioner has made no showing that the Standard Assessment Protocol impacted his commitment proceedings, other than to argue that the protocol constituted an "underground regulation."

Finally, Petitioner has not shown a fundamental miscarriage of justice because he has not shown that a "constitutional violation . . . probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Therefore, it is hereby ORDERED that Petitioner's motion for certificate of appealability (Dkt. 45) is **DENIED**.

DATED this 14th day of May, 2009.


/s/ Benjamin H. Settle

BENJAMIN H. SETTLE
United States District Judge
pdffactory.com